ALEXANDER J. CARTWRIGHT and SUSIE F. CART-
WRIGHT *v.* BRUCE CARTWRIGHT, RUTH CART-
WRIGHT and MURIEL CARTWRIGHT.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JULY 2, 1896.                    DECIDED JULY 31, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

(1) A man and wife having executed a deed of separation, being now
desirous of resuming marital relations, joined in a petition to the
court to allow the deed to be amended so as to conform to the
changed condition and relations of the parties to each other.

Held, such amendments were unobjectionable.

(2) A condition of forfeiture of the wife's interest in the trust, and
which would pass the same to the children, was the exercise of
the settlor's (husband's) option in revoking the trust upon the
happening of a certain event. The settlor now desires to relin-
quish this power of revocation upon the happening of the con-
tingency named. Held, unobjectionable, as the children's interest
is not immediately dependent upon the happening of the event,
but upon the settlor's exercise of the right of revocation.

(3) In said deed of separation a trust was created by which the
husband settled property for the benefit of his wife and children.
One condition of said trust, the happening of which would defeat
the interest of the wife and pass it directly to the children, was
the obtaining of a divorce for her fault. Held, all the parties to
the trust agreeing so to do, they could revoke this condition of
forfeiture, if *sui juris.*

(4) The children being minors are not *sui juris*, and are incapable of
assenting. Held, this condition could not be revoked by the plain-
tiffs alone.

This is a bill in equity to reform and amend a trust deed. The parties plaintiff, who are husband and wife, in view of unhappy domestic differences between them, executed, on the 31st March, 1894, a deed by which they agreed to live separate and apart, and bound themselves by certain stipulations as to the custody of their minor children, Ruth and Muriel, and by which the father, Alex. J. Cartwright (called the party of the first part), made through the intervention of a trustee a settlement of certain property, real and personal, for the maintenance of his wife, Susie F. Cartwright (called the party of the second part), and their children, Ruth and Muriel. It appears by the bill filed on the 18th March, 1896, that the differences between the parties plaintiff had become reconciled and they now wish to resume marital relations and to amend and reform the said deed in order that it may conform to the changed conditions and relations each to the other. The portions of the deed which the plaintiffs desire to revoke and eliminate are particularly set forth in the bill. The general principle of law is that where all the parties to a settlement agree that the same or any part thereof be revoked, it may be done, but such revocation can have no effect upon those not *in esse* nor those who are not *sui juris*, such as the minor defendants are. Those parts, therefore, of the deed under consideration which affect only the plaintiffs were properly allowed and sanctioned by the Circuit Judge. Two phases or conditions of the trust were disallowed by the Circuit Judge on the ground that certain rights of property were thereby voluntarily created in favor of the children, who could not be deprived of them by the acts of the parties plaintiff. An appeal to this court is taken against the Circuit Judge's refusal to allow these amendments.

We shall consider first the request of the plaintiffs to strike out the condition expressed in the deed beginning at the 28th line of the 8th page and continuing to and ending with the 17th line of the 9th page. Succinctly stated, this condition of the

trust is, that if a competent court shall decree that the wife has committed certain specified acts, then *"it shall be competent"* for the settlor or his successors to revoke the trusts to the extent of the interest of the wife, and that then the said interest shall descend at once to the children as if the wife had died. Other portions of the deed create remainders in the children upon the death of the wife.

It is to be noticed that the termination of the life estate in the wife and the vesting of the property in the children is not made directly contingent upon the misconduct of the wife, but it is left to the option of the settlor to revoke the trusts created by the deed, upon the happening of the event. Now, if the settlor does not desire to preserve this condition and desires to relinquish the power of revocation reserved to himself, upon the happening of this event, we see no reason why he may not do so. The children, by this paragraph, are not vested with any interest upon the happening of the contingency of the misconduct of the mother, for the vesting is dependent upon the exercise of the power of revocation by the settlor, who no longer wishes to avail himself of this power. We see no reason why this paragraph may not be eliminated from the deed of trust. We now consider the other elimination refused allowance by the Circuit Judge.

By the deed the trustee is to invest the estate and pay the net income to the wife for the joint use and maintenance of herself and said children, Ruth and Muriel, for and during the natural life of said wife. This disposition of the income the parties wish to preserve, but what follows they wish to revoke. It reads (following the words "for and during the natural life of said party of the second part"), "and for such lesser period as she, said party of the second part, shall remain the wife of said party of the first part, and thereafter, while said party of the second part shall remain sole and unmarried, whether said sole condition shall be in consequence of the death of the said party of the first part or of the intervention of any decree of divorce from the bonds of matrimony which shall hereafter be

obtained by said party of the second part from or against said party of the first part; provided, however, if such divorce shall be obtained by said party of the first part, for the fault of the said party of the second part, then, and thereafter and thenceforth said party of the second part shall have no further right, title or claim to, in or under this instrument, or the property or money hereby conveyed, or the trusts hereby created, or the income and profits hereby provided for, or the custody or control of the children herein named or either of them."

In paragraph three of page 6 of the deed it is provided generally that in case of or for any reason the wife should become disentitled to the right to participate in the benefits of this trust, or in case of her death, the children shall succeed to her rights.

We have here the condition of divorce for the wife's fault, which if it happens would divest the wife of her life estate and pass it immediately to the children. A contingent remainder is thus given to the children. So far as the death of the wife terminating her estate is concerned, the children have a vested remainder. The settlor has created this condition respecting the effect of a divorce, and he cannot revoke it to the prejudice of those minors who are not *sui juris* and are incapable in law of giving their assent to its revocation.

However improbable the event may be, or however advantageous to the children may be the re-establishment of the home and the increased pecuniary benefit to them of their father's support outside the maintenance provided for by the trust, we are not authorized to decree that this interest of the children upon the contingency named may be destroyed without their consent, which, as we have seen, cannot be given.

A decree will be signed in accordance with the views herein expressed. Plaintiffs to pay costs.

*A. S. Hartwell* and *J. Q. Wood*, for plaintiffs.

*P. Neumann*, Guardian *ad litem* for minor defendants, and for Bruce Cartwright, trustee, who submits to the direction of the court.